UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 13 |
| AMEENAH HASAN | ) | CASE: A25-51485-JWC |
| | ) | |
| | ) | |
| **DEBTOR** | ) | |

### CHAPTER 13 TRUSTEE'S OBJECTION TO CONFIRMATION AND MOTION TO DISMISS CASE

COMES NOW, Nancy J. Whaley, the Standing Chapter 13 Trustee herein, and objects to Confirmation of the plan for the following reasons:

1.

The plan as proposed will extend to seventy-four (74) months, which exceeds the sixty (60) months allowed by 11 U.S.C. Section 1322(d).

2.

An Employer Deduction Order for Debtor's plan payments has not yet been requested by the Debtor. The Trustee opposes the Debtor making payments directly to the Trustee and requests they be remitted by payroll deduction to ensure feasibility of the instant case.

3.

The Chapter 13 Trustee is unable to determine the feasibility of the Debtor's Chapter 13 plan because Internal Revenue Service records indicate income tax returns have not been filed for the periods ending December 31, 2020, December 31, 2023 and December 31, 2024 and FICA/FUTA taxes have not been filed for March 2019 through December 2024. The failure to file tax returns for the four (4) year period prior to the filing of the bankruptcy case is in violation of 11 U.S.C. Section 1308.

4.

Schedule I reflects a contribution from the Debtor's children of $800.00 per month. The Trustee requests documentation regarding this contribution, including, but not limited to, a notarized affidavit executed by the contributor which states the date the contribution began and how long it is expected to continue. If the contribution is from rental income, the Trustee requests documentation such as a copy of the written lease or a notarized affidavit from the lessee. 11 U.S.C. Section 1325(a)(6).

5.

The Trustee requests proof of the Debtor's income in order to determine the accuracy and veracity of the plan and/or Schedules. 11 U.S.C. Section 521(a)(1), 11 U.S.C. Section 1325(a)(3), and 11 U.S.C. Section 1325(b)(1)(B).

6.

Official Form 122C-1 fails to disclose the contribution income from Debtor's children received during the six (6) months preceding the filing of this case. 11 U.S.C. Section 101(10A).

7.

The funding of post-petition mortgage installments have not been maintained in the above-styled Chapter 13 case, thereby rendering the proposed plan infeasible in violation of 11 U.S.C. Section 1325(a)(6).

8.

The Chapter 13 schedules fail to disclose the Debtor's 401(k), in violation of 11 U.S.C. Section 521.

9.

The plan fails to treat the priority claim of Internal Revenue Service in violation of 11 U.S.C. Section 1322(a) and/or 11 U.S.C. Section 502(a).

10.

The Chapter 13 plan proposes to pay $5,700.00 to the Debtor's attorney for payment of attorney fees. The Trustee is unable to determine whether this is a reasonable fee and requests that Debtor's counsel appear at Confirmation and be prepared to present evidence to the Court regarding the reasonableness of the requested fee.

11.

The plan proposes for the Trustee to disburse attorney's fees; however, the amount of the fees to be paid at the time of pre-confirmation dismissal or conversion exceeds the $2,500.00 amount allowed by General Order No. 42-2020.

WHEREFORE, the Trustee moves the Court to inquire into the above objections, deny Confirmation of the Debtor's plan, and to dismiss the case.

This the 25th day of March, 2025.

Respectfully submitted,

/s/_____
Eric W. Roach
Attorney for the Chapter 13 Trustee
State Bar No. 143194

# CERTIFICATE OF SERVICE

Case No: A25-51485-JWC

I certify that on this day I caused a copy of this Chapter 13 Trustee's Objection To Confirmation And Motion To Dismiss Case to be served via United States First Class Mail with adequate postage prepaid on the following parties at the address shown for each:

**Debtor(s)**

AMEENAH HASAN
4175 HANES DRIVE
DECATUR, GA  30035

I further certify that I have on this day electronically filed the foregoing Chapter 13 Trustee's Objection To Confirmation And Motion To Dismiss Case using the Bankruptcy Court's Electronic Case Filing program, which sends a notice of this document and an accompanying link to this document to the following parties who have appeared in this case under the Bankruptcy Court's Electronic Case Filing program:

**Attorney for the Debtor(s):**

THE CRAIG BLACK LAW FIRM, LLC

This the 25th day of March, 2025.

/s/_____
Eric W. Roach
Attorney for the Chapter 13 Trustee
State Bar No. 143194
303 Peachtree Center Avenue, NE
Suite 120
Atlanta, GA 30303
678-992-1201